**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN L. MONDAINE, JR.,

   Petitioner-Appellant,

 v.

E.J. GALLEGOS, Warden,

   Respondent-Appellee.

No. 03-1395

District of Colorado

(D.C. No. 02-WM-784 (BNB))

**ORDER AND JUDGMENT** *

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

After prison disciplinary hearings resulting in a revocation of good time credits as well as other sanctions, the written reports mistakenly included text pertaining to a different inmate and a different offense. Apparently operating on

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the assumption that this textual material reflected the true charge against him, which was different from the charge he was informed of prior to the hearing, Mr. Mondaine argues that he was deprived of notice of the charge, in violation of his due process rights. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

The district court found that the material regarding the other inmate and offense was included in error. Dist. Ct. Op. A-3. The court also found that petitioner had been given written notice of the charges against him in accordance with *Wolff* and that the disciplinary hearing report "provided a detailed account of the reasons for the disciplinary actions against petitioner and summarized the evidence against him." *Id.* at A-3 to A-4. The court accordingly held that there was no due process violation.

We review the district court's factual findings on a clearly erroneous standard and conclusions of law de novo. *E.g.*, *United States v. Hernandez*, 333 F.3d 1168, 1172 (10th Cir. 2003). The record provides no basis for overturning the factual findings of the district court. Because, as the district court found, the material referring to the other inmate and other charge was merely a mistake and did not reflect the true charge against Mr. Mondaine, there is no basis for his claim that he was not given notice.

The judgment of the United States District Court for the District of

Colorado is **AFFIRMED** .

Entered for the Court,

Michael W. McConnell
Circuit Judge